UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

                    Plaintiff,

                                         **Hon. Hugh B. Scott**

                    v.

                                         04CV214S

                                         **Order**

MICHAEL HOFFERT,

                    Defendant.

Before the Court is the follow up to plaintiff's motion (Docket No. 29) to strike the Answer for failure to heed this Court's Order to compel (Docket No. 25). This Court rendered a Report & Recommendation (Docket No. 33) recommending granting plaintiff's motion and ordering plaintiff to file an affidavit of its reasonable costs associated with this motion. Plaintiff filed an affidavit on May 31, 2005 (Docket No. 34), claiming costs of $478.50 for this motion. Defendant's time to object to the Report & Recommendation has run (see Docket No. 35, Pl. Motion for Order adopting Report & Recommendation, June 14, 2005). Defendant did not file any comment or response to plaintiff's fee affidavit.

In the initial Order to compel, the Court awarded plaintiff $400.00 for its motion costs related to that first motion (Docket No. 27; see also DirecTV v. Blasz, No. 04CV224, Docket No. 15 (same)). As of the date of plaintiff's second motion defendant had not paid this initial amount. (See Docket No. 29, Pl. Atty. Aff. ¶¶ 10, 12, Exs. 1, 2.) Plaintiff has now submitted an affidavit, claiming total costs for this second motion (mostly in attorneys' fees) totaling $478.50

(Docket No. 34). Plaintiff did not indicate in this affidavit that the earlier sanction award was paid.

DISCUSSION

Federal Rule of Civil Procedure 37(a)(4) provides that, if the motion to compel is granted, the Court "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay to the moving party the reasonable expenses incurred in making the motion . . . ." Fed. R. Civ. P. 37(a)(4) (emphasis added). "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88CIV2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993). Here, plaintiff, noting the Court's concern about establishing the reasonable costs for this motion, stated that the costs were due to attorney in-court time while waiting for defendant's eventual non-appearances.

In determining whether plaintiff's fee application is reasonable, this Court has compared the fee application for this motion with similar motions in other DirecTV cases pending in this District. In these other DirecTV satellite piracy cases, the Court awarded plaintiff its reasonable attorneys' fees and motion-related expenses. E.g., DirecTV v. Gozdalski, No. 04CV217, Docket No. 22 (awarding $562.00 for motion to strike Answer as discovery sanction, as well as

outstanding amount awarded in previous Order); DirecTV v. Janik, No. 04CV234, Docket No. 18 (awarding $1,304.50 for sanction for failure to comply with the order to compel).  The case at bar is similar to Gozdalski.

Plaintiff is entitled only to its reasonable expenses in making these motions.  Defendant has not filed a response to plaintiff's affidavit and thus has not objected to the total amount, how it is calculated, or the attorneys' rates sought.  The Court has prior experience with similar motions in other pending DirecTV cases, particularly in Gozdalski, and finds that plaintiff here had incurred the amount it claims for the motion papers and research conducted leading to this second motion. In Gozdalski, defendant also failed to appear in the action, leading to motions to compel, Order to compel, and a motion to strike pleadings due to defendant's continued disregard of the action.  Plaintiff in both cases sought reasonable amounts for the costs for the second motions to strike pleadings due to defendants' disregard of Orders to compel disclosure.  The amount plaintiff seeks here is reasonable cost.

## CONCLUSION

For the reasons stated above, plaintiff DirecTV's motion for award of discovery sanctions associated with its motion to compel (Docket No. 13) is **granted as discussed above.**  Plaintiff

shall recover from defendant Michael Hoffert $478.50, in addition to any unpaid portion of the earlier award of $400.00 that Hoffert may still owe (for a total of $878.50).

 So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
   June 30, 2005